FILED
U.S. District Court
District of Kansas

OCT 13 2026

Clerk, U.S. District Court
By [signature] Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **Case No. 26-cr-10039-AJP**

**JUSTIN LANE,**

**Defendant.**

# PLEA AGREEMENT PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 11(c)(1)(C)

The United States of America, by and through Assistant United States Attorney Debra L. Barnett, Justin Lane, the defendant, personally and with his counsel, Mark Schoenhofer, hereby enter into the following plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Counts 1 and 2 of the Information charging violations of 18 U.S.C. § 922(g) and 18 U.S.C. § 1952, that is, prohibited person in possession of a firearm and interstate use of facilities in interstate commerce to aid in a racketeering enterprise. By entering into this plea agreement, the defendant admits to knowingly committing the offenses, and to being guilty of the offenses. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Information to which he has agreed to plead guilty is not more than 15 years of imprisonment, a $250,000.00 fine, three (3) years of supervised release, and a $100.00 mandatory special assessment. The defendant understands that the maximum sentence which may be imposed as to Count 2 of the Information to which he has agreed to plead guilty is not more than five (5) years of imprisonment,

a $250,000.00 fine, three (3) years of supervised release, and a $100.00 mandatory special assessment. The defendant further agrees to forfeit property or money to the United States, as agreed.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

On November 13, 2025, in Wichita, Kansas, law enforcement officers executed a series of federal search warrants at locations involving six businesses and one residence. The businesses, High Hopes ICT, were owned and operated by Defendant Lane. The addresses for the businesses were: 338 N. Mead Street, 3108 W. 13th Street North, 240 S. West Street (Suite 30), 1115 W. Douglas, 5255 N. Maize Road (Suite 103), and 307 S. Greenwich.

The residence searched on this date was also owned and occupied by Defendant Lane.

At the business locations law enforcement officers found a significant quantity of marijuana (containing THC), Delta-9, and hemp products as well as paraphernalia intended to use these products. These products included flower or botanical marijuana, vapes, cartridges for vapes, gummies, and other miscellaneous items. All products were offered and intended for distribution to the public based upon the observations of undercover law enforcement officers from the Sedgwick County Sheriff's Office and their conversations with, and purchases from, store personnel.

In two of these stores law enforcement found firearms. One firearm was found at the West 13th Street store while the second firearm was found at the West Douglas store. Additional firearms and silencers were found at Defendant Lane's residence. These firearms are described as follows:

A. a HS Produkt, XDM, 9mm pistol, S/N: MG901430;
B. a Glock, Model 30, GEN4, .45 caliber pistol, S/N: BUSW572;
C. a Glock, Model 19, 9mm pistol, S/N: BXGR001;
D. a KELTEC, CNC Industries, Inc., PMR-30, .22 caliber pistol, S/N: W4603;
E. a Kimber, Stainless Ultra Carry, .45 caliber pistol, S/N: KU35309;
F. a Glock, Model 29, 10mm pistol, S/N: BTDT208;
G. a HS Produkt, XDM, 9mm pistol, S/N: M6360657;
H. a FNH, FN 15, multi-caliber rifle, S/N: FNG001845;
I. a Beretta, Model 21A, .22 caliber pistol, S/N: DAA015061;
J. a Glock, Model 19, GEN5, 9mm pistol, S/N: BWSR695;
K. a HS Produkt, Hellcat, 9mm pistol, S/N: BE394095;
L. a Glock, Model 30, .45 caliber pistol, S/N: NMN563;
M. a Glock, Model 17, 9mm pistol, S/N: VDS049;
N. a Springfield Armory, Saint Edge, 5.56 caliber rifle, S/N: SE93710;
O. a RIA, VRF14, 12 gauge shotgun, S/N: 20-03838;
P. a Glock, Model 23, .40 caliber pistol, S/N: LKH068;

Q. a Chinese SKS, 7.62 caliber rifle, S/N: D2994;
R. an Unknown, .22 caliber rifle, S/N: AP226798;
S. an Unknown, 620 Huntmaster, 12 gauge shotgun, S/N: None;
T. an Unknown, Mac 5K, 9mm pistol, S/N: TG161-25AE04082;
U. a Palmetto State Armory, PA-15, multi-caliber pistol, S/N: SCB961947;
V. an Izhmash, Saiga, 7.62 caliber rifle, S/N: H09606221;
W. an I.O. Inc., AK47-C, 7.62 caliber rifle, S/N: 7068;
X. an Unknown, 7.62 caliber rifle, S/N: RON2316841;
Y. a DPMS INC., LR-308, .308 caliber rifle, S/N: 137985;
Z. a Springfield Armory, Saint, multi-caliber pistol, S/N: T230618;
AA. a Mossberg, Revelation, 12 gauge shotgun, S/N: H324929;
BB. a North America Arms, NAA22, .22 caliber revolver, S/N: SW0111;
CC. 6 Silencers from Unknown manufacturers; and
DD. Ammunition.

On this same date, November 13, 2025, while law enforcement officers were at the businesses executing the search warrants, UPS attempted to deliver flower or botanical marijuana to one of the business locations as well as other THC, hemp and/or marijuana products. While Defendant Lane and his business did not receive these packages, law enforcement took custody of the materials and submitted the flower or botanical product to the Regional Forensic Science Center for testing. The flower or botanical marijuana tested positive for the presence of THC or marijuana in excess of the limits allowed by federal law.

Prior to the execution of these search warrants, law enforcement officers purchased items that High Hopes ICT advertised marijuana products containing hemp, THC and/or Delta-9. More specifically, the undercover officers bought marijuana (flower or botanical) and "gummies" from each business location. The flower or botanical marijuana was submitted to the Regional Forensic Science Center for testing. The Science Center determined the botanical marijuana tested positive for the presence of THC or marijuana and that the levels of THC or marijuana were in excess of those allowed by federal law. As for the other products (gummies) containing marijuana or THC, when officers purchased these items, they were instructed by store personnel to only use a portion of the gummies due to the strength of the THC contained in a single gummie. The gummies purchased by the undercover officers were submitted to the Science Center for testing. It was determined that these gummies contained THC; however, due to the limits of the Science Center's testing it is undetermined if the THC content was above the specified 0.3% in the Farm Bill. (The edibles or gummies seized during the search warrants were not submitted for testing at the Science Center.)

Defendant Lane admits that he sold, through the High Hopes ICT store, products that he knew and believed contained THC or marijuana, Delta-9 and hemp. The gummies sold in his store contained at least one of these substances, as did the vapes, cartridges and flower or botanical marijuana.

Defendant Lane admits that he received these products by deliveries from commercial carriers like FedEx, UPS and United States Postal Service and that these products travelled in interstate commerce for delivery at his stores in Kansas. Defendant Lane acknowledges that the use of a commercial carrier like FedEx, UPS or the United States Postal Service constitutes a facility in interstate commerce. Because the businesses, High Hopes ICT, were focused on the distribution

of marijuana and THC, hemp, and/or Delta-9 products, the receipt of these products through commercial carriers allowed him to open, operate and manage this business, including opening more than one location in Wichita, Kansas. Defendant Lane further acknowledges that these products were illegal to offer for sale and distribute pursuant to state and federal law.

Defendant Lane admits that prior to November 13, 2025, he was convicted in United States District Court for the District of Kansas, case number 15-cr-10007-JTM, for the possession of an unregistered firearm, in violation of Title 26, United States Code, 5861(d). Based on this felony conviction, Defendant Lane admits that he was convicted of a crime punishable by a term of imprisonment for a term exceeding one year and prohibited from possessing any firearm, silencer and ammunition. Defendant Lane knew he could not legally possess the firearms, silencers and ammunition found in his home and businesses.

3. **Proposed Rule 11(c)(1)(C) Sentence.** The United States, Defendant Lane and his counsel propose, as an appropriate disposition of the case:

(a) a controlling term of 57 to 78 months in prison, for the convictions on Counts 1 and 2;[1]

(b) three (3) years of supervised release;

(c) no fine;

(d) the mandatory special assessment of $100.00 per count of conviction; and

(e) no restitution.

The parties seek this binding plea agreement as an appropriate disposition of the case, because if the Court permits itself to be bound by the proposed sentence, it brings certainty to the sentencing process; it assures that the defendant and the government will benefit from the bargain they have struck; it serves the interests of justice; and it assures a sentence consistent with the sentencing factors of 18 U.S.C. § 3553(a). If the Court does not agree with the sentence, the defendant and United States may be restored to the positions they maintained prior to reaching this plea Agreement. This plea agreement centers on the defendant's agreement to enter his guilty plea as

[1] The parties will make recommendations to the Court at the time of sentencing to the sentence they believe is appropriate within the range identified. The parties further advise the Court that the maximum sentence that may be imposed for Count 2 is 60 months, even though the parties have agreed to recommend a term of imprisonment within the range of 57 to 78 months imprisonment.

soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, defense, United States Probation Office, United States Marshals' Service and other law enforcement resources.

4. **Application of the Sentencing Guidelines.** The parties are of the belief that the proposed sentence does not offend the advisory sentencing guidelines. Because this proposed sentence is sought pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States agrees to dismiss the remaining counts of the Sealed Indictment alleged against Defendant Lane at the time of sentencing, and agrees to not file any additional charges against the Defendant Lane arising out of the facts forming the basis for the present Indictment and Information. Specifically, the United States will dismiss Counts 1 through 25 of the Sealed Indictment (Doc. 1).

6. **Additional Agreements.** In return for the defendant's plea of guilty as set forth herein, and the United States' agreement to dismiss the allegations against Defendant Lane in the Sealed Indictment, the parties agree that Defendant Lane will immediately stop posting, saying and encouraging others to post or say that Defendant Lane did nothing wrong or illegal in the operation of his businesses, High Hopes ICT, because Defendant Lane is aware of the federal and state laws controlling the possession and distribution of THC or marijuana products.

7. **Consequences for Violating the Plea Agreement.** The United States' obligations under this plea agreement are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1

(or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this plea agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this plea agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this plea agreement's terms, this plea agreement will be deemed null and void, and the United States may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this plea agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this plea agreement.

8. **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.** The Court has no obligation to accept the proposed plea agreement and sentence. It is solely within the Court's discretion whether to accept the proposed binding plea agreement as an appropriate disposition of the case.

9. **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.** If the Court agrees to be bound by the proposed plea agreement and sentence, the parties shall be bound by all the terms of the proposed plea agreement

and the defendant will not be permitted to withdraw his guilty plea. If the Court announces that it will NOT be bound by the proposed plea agreement, the parties agree that at that time either party may withdraw the proposed plea agreement, and if either does so, then all parties will be restored to the positions they were in prior to the entry of the defendant's plea. If neither party elects to withdraw the proposed plea agreement at the time the Court announces that it will not be bound, and before the Court proceeds with sentencing, then the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw his guilty plea.

10. **Forfeiture of Assets.** The defendant knowingly and voluntarily agrees and consents to the forfeiture of the following property to the United States:

A. a HS Produkt, XDM, 9mm pistol, S/N: MG901430;
B. a Glock, Model 30, GEN4, .45 caliber pistol, S/N: BUSW572;
C. a Glock, Model 19, 9mm pistol, S/N: BXGR001;
D. a KELTEC, CNC Industries, Inc., PMR-30, .22 caliber pistol, S/N: W4603;
E. a Kimber, Stainless Ultra Carry, .45 caliber pistol, S/N: KU35309;
F. a Glock, Model 29, 10mm pistol, S/N: BTDT208;
G. a HS Produkt, XDM, 9mm pistol, S/N: M6360657;
H. a FNH, FN 15, multi-caliber rifle, S/N: FNG001845;
I. a Beretta, Model 21A, .22 caliber pistol, S/N: DAA015061;
J. a Glock, Model 19, GEN5, 9mm pistol, S/N: BWSR695;
K. a HS Produkt, Hellcat, 9mm pistol, S/N: BE394095;
L. a Glock, Model 30, .45 caliber pistol, S/N: NMN563;
M. a Glock, Model 17, 9mm pistol, S/N: VDS049;
N. a Springfield Armory, Saint Edge, 5.56 caliber rifle, S/N: SE93710;
O. a RIA, VRF14, 12 gauge shotgun, S/N: 20-03838;
P. a Glock, Model 23, .40 caliber pistol, S/N: LKH068;
Q. a Chinese SKS, 7.62 caliber rifle, S/N: D2994;
R. an Unknown, .22 caliber rifle, S/N: AP226798;
S. an Unknown, 620 Huntmaster, 12 gauge shotgun, S/N: None;
T. an Unknown, Mac 5K, 9mm pistol, S/N: TG161-25AE04082;
U. a Palmetto State Armory, PA-15, multi-caliber pistol, S/N: SCB961947;
V. an Izhmash, Saiga, 7.62 caliber rifle, S/N: H09606221;
W. an I.O. Inc., AK47-C, 7.62 caliber rifle, S/N: 7068;
X. an Unknown, 7.62 caliber rifle, S/N: RON2316841;
Y. a DPMS INC., LR-308, .308 caliber rifle, S/N: 137985;
Z. a Springfield Armory, Saint, multi-caliber pistol, S/N: T230618;
AA. a Mossberg, Revelation, 12 gauge shotgun, S/N: H324929;
BB. a North America Arms, NAA22, .22 caliber revolver, S/N: SW0111;

CC. 6 Silencers from Unknown manufacturers; and
DD. Ammunition.

The defendant agrees that this property was involved or used in the commission of Count 1 and 2. The defendant knowingly and voluntarily waives his right to a jury trial regarding the forfeiture of property, and voluntarily waives all constitutional, legal and equitable defenses regarding the forfeiture of property and withdraws any administrative claim or petition for remission regarding the property. The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed an alteration of his sentence or this agreement, and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Additionally, the defendant agrees to the immediate entry of the Preliminary Order of Forfeiture, and agrees to sign any and all documents necessary to effectuate the forfeiture and transfer of his interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

11. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

12. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including

assessments, as well as the length and conditions of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal The defendant further waives his right to appeal the Court's decision to revoke his supervised release and/or probation, as well as any sentence imposed upon revocation of probation or supervised release. a sentence imposed in accordance with the sentence recommended by the parties under Rule 11(c)(1)(C). The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court imposes a sentence in excess of the sentence recommended by the parties under Rule 11(c)(1)(C). However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

13. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

14. **Waiver of Claim for Attorney's Fees.** The defendant waives all claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

15. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

16. **Parties to the Agreement.** The defendant understands this plea agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

17. **Voluntariness of Guilty Plea.** The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and unless subsequently supplemented in writing with the joint approval of the parties, this Plea Agreement embodies each

and every term of the agreement between the parties. The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

Digitally signed by DEBRA BARNETT
Date: 2026.09.21 09:56:34 -05'00'

Date:________________

Debra L. Barnett
Assistant United States Attorney

Date: 8/22/26

Katherine J. Andrusak
Assistant United States Attorney
Supervisor

Digitally signed by RYAN HUSCHKA
Date: 2026.09.21 11:46:17 -05'00'

Date:________________

Ryan Huschka
Criminal Chief

Date: 10-13-2026

Justin Lane
Defendant

Date: 10/13/2026

Mark Schoenhofer
Counsel for Defendant Justin Lane